UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **United States of America**, ) | |
| ) | **CASE NO. 4:18 CR 00330** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| **Lawrence L. Whited,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

## INTRODUCTION

This matter is before the Court upon defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 84)  For the following reasons, the defendant's motion is DENIED.

## FACTS

After defendant was charged with conspiracy to distribute cocaine (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Thirteen), he entered a plea of guilty on November 5, 2018.  On February 13, 2019, defendant was sentenced to 46

1

months imprisonment for Count One and 60 months for Count Thirteen, to be served consecutively, for a total sentence of 106 months imprisonment.  Defendant did not appeal this judgment.

On February 24, 2020, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which is now pending before the Court.

**STANDARD OF REVIEW**

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.  A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. §2255.  To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**DISCUSSION**

Within his two grounds for relief, defendant raises ten different bases of ineffective assistance of counsel.[1]  Specifically, defendant argues that his attorney failed to do the following:

---

[1]   The Court notes that while defendant has separated his ineffective assistance of counsel claims into two separate grounds for relief, i.e. "pretrial counsel" and "sentencing counsel," the defendant had the same attorney throughout the relevant proceedings.

2

1) inform him of the circumstances and consequences of pleading guilty, 2) file any substantive pretrial motions, 3) conduct an adequate and independent pretrial investigation; 4) attempt to negotiate a favorable plea agreement, 5) advise him and the Court of a conflict of interest, 6) properly explain the presentence report ("PSR") to him, 7) file substantive objections to the PSR, 8) object to the use of incriminating statements, 9) argue for mitigation of punishment and object to his sentence being substantively unreasonable, and 10) file an appeal.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003). In attempting to establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. To satisfy the prejudice prong in the context of a guilty plea, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Defendant raises ten different bases of ineffective assistance of counsel. Each will be addressed in turn.

*a. Plea Agreement*

Defendant first argues that his attorney failed to adequately explain the consequences of entering into a plea agreement and "never made trial an option for him." However, the record directly contradicts this argument. Defendant's plea agreement explicitly sets forth all the rights he waived by pleading guilty, including the right to go to trial. The agreement also states that defendant discussed the case and plea agreement in detail with his attorney and had sufficient time to do so. Defendant's initials appear on every page of the plea agreement and his signature is at the end. During the change of plea hearing, defendant expressly confirmed that he read and signed the plea agreement and had reviewed it with his attorney. He affirmed that he understood that he was giving up his right to a trial. Accordingly, there is no basis to establish deficient performance as to this argument.

*b. Motion to Suppress*

Defendant next argues that his attorney was ineffective for failing to move to suppress the evidence and statements obtained by the government. Specifically, he asserts that the government procured statements from him without a reading of his *Miranda* rights and evidence from his vehicle and girlfriend's home without probable cause.

The failure to file a motion to suppress can constitute the ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). However, the failure to file such a motion can only be considered deficient performance if "the meritorious nature of the motion [is] so plain that no competent attorney would think a motion to suppress would have failed." *Hendrix v. Palmer*, 893 F.3d 906, 922 (6th Cir. 2018) (internal quotations omitted.) *See also Robinson v. Howes,* 663 F.3d 819, 825 (6th Cir. 2011) ("When claiming that counsel was

4

ineffective for failing to file a suppression motion, [defendant] must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.")(internal quotations omitted)

Upon review, the Court finds that defendant has not demonstrated deficient performance. The government has provided documentation of a search warrant with probable cause to search defendant's person, vehicle, and home. It was issued on September 27, 2017. Defendant's person, vehicle, and home were thereafter properly searched on September 28, 2017. As to defendant's claims regarding his *Miranda* rights, the government has provided a written waiver of these rights that was signed by defendant on September 28, 2017. Defendant offers nothing to dispute the veracity of either the search warrant or the signed waiver. Defendant's counsel cannot be considered constitutionally ineffective for failing to raise meritless arguments. *See Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999). Accordingly, this argument fails.

*c. Pretrial Investigation*

Defendant next submits that his counsel rendered ineffective assistance by failing to conduct an adequate pretrial investigation. In support of this position, defendant argues that his counsel failed to conduct any investigation beyond a review of the discovery provided by the government.

Upon review, the Court finds that defendant fails to demonstrate deficient performance or prejudice. Defendant maintains that his counsel "failed to research the case law, interview witnesses, or investigate the facts" of his case. However, defendant does not identify the witnesses, facts, or case law which would have reasonably resulted in him not pleading guilty.

5

*See Smith v. Lafler,* 175 Fed.Appx. 1, 6 (6th Cir. 2006) ("[T]he inquiry is whether there is a reasonable probability that if counsel had conducted an adequate pretrial investigation, the result of the proceeding would have been different.*")* Rather, the majority of defendant's argument is focused on the evidence obtained from a valid search warrant and statements made after a waiver of his *Miranda* rights, as discussed above. Given these circumstances, counsel's pretrial investigation was reasonable. *See Wiggins v. Smith*, 539 U.S. 510, 512 (2003) (further investigation excusable where counsel has evidence suggesting it would be fruitless). Accordingly, defendant cannot establish prejudice or deficient performance and this basis must fail.

*d. Plea Agreement Negotiation*

Defendant argues that his counsel failed to negotiate a favorable plea agreement on his behalf. Specifically, defendant asserts that he "got no relief off of his sentence" when he followed his attorney's advice and provided the government with information. However, the record directly contradicts this assertion. Defendant's plea agreement explicitly provides that the government would move to dismiss four of the counts filed against him, which it did. In addition, during the sentencing proceedings, the government moved for a downward departure of his offense level for substantial assistance, which the Court granted. Accordingly, defendant has not demonstrated deficient performance on this basis.

*e. Conflict of Interest[2]*

---

[2] The Court notes both defendant and the government cite to *Cuyler v. Sullivan*, 446 U.S. 335 (1980), when addressing this particular argument. In *Sullivan*, the Supreme Court held that when a defendant claims ineffective assistance of counsel based upon a conflict of interest, prejudice is presumed if "the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an

6

Defendant next contends that his attorney failed to advise him of a conflict of interest in representing him.  Specifically, defendant asserts that he has discovered that his counsel is friends with the individuals who are the subject of defendant's proffer to the government.

Upon review, the Court finds defendant has not established deficient performance.  While defendant alleges that his counsel may have known the individuals who are the subject of the proffer, he has not pointed to specific instances in the record which show that this alleged relationship resulted in deficient performance.  In fact, the record appears to show the opposite.  Indeed, as discussed above, defendant was able to obtain a downward departure in his offense level at sentencing because of his proffer.  Accordingly, this argument fails.

*f.  Explain the PSR*

Defendant also argues that his attorney failed to adequately explain the PSR to him.  However, the record is unsupportive of this claim.  During the sentencing hearing, defendant confirmed that he had reviewed the PSR with his attorney.  The Court then reviewed the PSR in

---

actual conflict of interest adversely affected the lawyer's performance.'" *Strickland,* 466 U.S. at 692 (quoting *Sullivan*, 446 U.S. at 350).  However, the Sixth Circuit has repeatedly held that this presumption of prejudice only applies to conflicts arising from concurrent representation.  The Sixth Circuit has declined to extend this presumption to cases involving successive representation or other types of conflicts of interest.  *See Harvey v. United States*, 798 Fed.Appx. 879, 884 (6th Cir. 2020); *McRae v. United States*, 734 Fed.Appx 978, 983 (6th Cir. 2018) ("The Supreme Court has explicitly cautioned against applying *Sullivan* unblinkingly to all kinds of alleged attorney ethical conflicts.")(internal quotations and citations omitted)

Here, defendant has not set forth any evidence of, or even alleged that, his counsel was concurrently representing the individuals named in the proffer.  Rather, he simply asserts that his counsel was friends with these individuals.  Therefore, the presumption of prejudice set forth in *Sullivan* does not apply.  Accordingly, the Court will apply the standard set forth in *Strickland* to defendant's argument.

7

detail during this hearing and provided defendant with an opportunity to speak. Moreover, defendant concedes that his attorney "did explain in detail how the safety valve works" when reviewing the PSR with him. Other than his own self-serving statement that the PSR was not explained to him, defendant presents no evidence to support this allegation. Accordingly, there is no basis to establish deficient performance.

*g. Objections to the PSR*

Defendant next claims that his attorney failed to file substantive objections to the PSR. Specifically, defendant argues that his attorney failed to challenge the two-level enhancement for his role in the offense and argue for a safety valve reduction. This argument is also contradicted by the record. Defendant's counsel filed an objection requesting a safety valve reduction and also argued for such during the sentencing hearing. As to the role enhancement, defendant agreed to a two-level adjustment for his role in the offense in the plea agreement. Defendant cannot now claim his attorney was ineffective for failing to object to something he had already agreed to. This argument fails.

*h. Objections to Incriminating Statements*

Defendant also argues that his attorney failed to object to the "use of incriminating statements made as part of [the] cooperation agreement with the government." He maintains that his proffer was "used against him." However, defendant obtained a downward departure in his offense level at sentencing because of his cooperation with the government. Defendant presents nothing more than a conclusory allegation with no evidence to support this claim. Accordingly, he has failed to demonstrated deficient performance or prejudice.

*i. Mitigation of Punishment/Sentence Under Dean*

8

Defendant further submits that his counsel was ineffective for failing to argue for a mitigation of punishment. This contention is refuted by the record. During the sentencing hearing, defendant's counsel argued for a sentence on the lower range of the sentencing guidelines. Defendant's counsel emphasized defendant's steady employment, family support, and educational level to support this argument. Accordingly, defendant has not demonstrated deficient performance.

Defendant also argues that his counsel was ineffective for failing to argue that in light of *Dean v. United States*, 137 S. Ct. 1170 (2017), he "must be sentenced to a 60-month sentence[] under Section 924(c) and 1-day for the predicate crime." This is a misreading of *Dean*. In *Dean*, the Supreme Court held that the sentencing court may exercise discretion and consider the § 924(c) mandatory minimums imposed when calculating an appropriate sentence for the predicate offense. 137 S. Ct. at 1172-1173. However, *Dean* does not require that the sentencing court exercise this discretion. *United States v. Johnson*, 702 Fed.Appx. 349, 363 (6th Cir. 2017).

Defendant appears to be under the assumption, without any basis, that if his counsel had mentioned *Dean* by name at sentencing, his sentence would have been shorter. However, there is nothing contained in the record that indicates *Dean* was not fully comported with. Indeed, defendant's counsel acknowledged at sentencing that the § 924(c) offense had to be served consecutively to the predicate offense. Counsel went on to request that the Court "exercise its fullest degree of discretion" in sentencing on the predicate offense. Accordingly, defendant cannot demonstrate deficient performance and this argument must fail.

*j. Appeal*

Finally, defendant asserts that counsel failed to file a notice of appeal of his sentence.

Failure to file an appeal upon a defendant's express request constitutes the ineffective assistance of counsel, regardless of the merits of defendant's substantive claims. *Campbell v. U.S.*, 686 F.3d 353, 358 - 360 (6th Cir. 2012). *See also Lopez v. United States*, 2017 WL 9480143, *1 (6th Cir. 2017). However, defendant does not claim that he requested that his attorney file a notice of appeal. Rather, defendant asserts that his counsel advised him that an appeal would likely be unsuccessful. Defendant concedes that his counsel told him that he would "take his money" and file an appeal if defendant directed him to do so. In addition, the government provides an affidavit in which defendant's counsel avers that defendant never asked him to file a notice of appeal on his behalf. Accordingly, defendant does not demonstrate deficient performance and this argument must fail.

For these reasons, defendant's two asserted grounds do not warrant relief under § 2255.

**CONCLUSION**

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

                                     /s/ Patricia A. Gaughan
                                     PATRICIA A. GAUGHAN
                                     United States District Judge
                                     Chief Judge

Dated: 6/15/20